UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL JOSEPH SERRIS,<br><br>Plaintiff,<br><br>v.<br><br>SHAUNA CHASTAINE, et al.,<br><br>Defendants. | No. 2:22-cv-0434-JAM-CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 2, 3, 4) |

Plaintiff Bill Joseph Serris[1] proceeds pro se with a complaint asserting nine causes of action including multiple claims under the Americans with Disabilities Act ("ADA"), civil rights conspiracy under 42 U.S.C. § 1985, claims for declaratory relief, and state-law claims. This matter was referred to the undersigned pursuant to Local Rule 302(c)(21) and the district court's order of referral (ECF No. 5). See 28 U.S.C. § 636(b)(1).

////

---

[1] At plaintiff's request, the court uses a 16-point font to assist plaintiff to better read this document.

1

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint will be screened in due course. Presently, plaintiff's motion to proceed in forma pauperis (ECF No. 2), motion for temporary restraining order (ECF No. 3), and request to file case documents electronically (ECF No. 4) are before the court.

## I. In Forma Pauperis

Plaintiff filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis will be granted.

## II. Motion for Temporary Restraining Order

Plaintiff has filed a motion for a temporary restraining order ("TRO") to enjoin court proceedings in the Solano County Superior Court case number FFL145060. (ECF No. 3.) Plaintiff moves the court to enjoin an imminent hearing in that case so the ADA accommodations he seeks through this litigation can be sorted out prior to the hearing to allow him to participate fully and fairly in that case. (Id. at 1.)

////

## A. Background (Allegations in the Complaint)

Plaintiff is 79 years old and disabled. (ECF No. 1 at 6-7.) He is a party in a divorce case pending in the Solano County Superior Court since 2015. (Id. at 2.) Plaintiff presumed that case would be over quickly because it should have been "a simple asset matter" with no issue pertaining to children from the marriage. (Id.) However, the case is still on going and plaintiff has filed this complaint asserting various claims against the judge, the judge's clerk, the Solano County ADA coordinator, a court appointed realtor, plaintiff's former divorce attorney, plaintiff's ex-wife, and the attorney representing his ex-wife. (Id. at 6.)

During one or more prior hearings in the divorce case, plaintiff could not understand or hear what was going on because he does not hear well. (ECF No. 1 at 2.) Throughout the case, plaintiff has not been given adequate options for ADA accommodations and his former attorney failed to ensure he would be able to actively participate in hearings and make informed decisions relating to the case. (Id. at 3.) Plaintiff alleges that, despite his physical limitations, the court ordered him to personally perform physical labor to prepare his property for sale, without any objection by his former attorney. (Id. at 3.) Eventually, plaintiff either fired his attorney or the attorney was relieved, and plaintiff obtained ADA advocates to assist him. (Id. at 4.) However, plaintiff still has not

received all the accommodations he needs to properly participate in the case. (Id. at 5.)

## B. Legal Standard

The purpose of a TRO is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full preliminary injunction proceedings. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (holding TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). In general, the showing required for a TRO and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). A TRO is an extraordinary remedy, and plaintiff has the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

////

////

## C. Discussion

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." Negrete v. Allianz Life Ins. Co. of N. Am., 523 F.3d 1091, 1100 (9th Cir. 2008) (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)).

Courts construe the three exceptions to the Anti-Injunction Act narrowly. See Montana v. BNSF Ry. Co., 623 F.3d 1312, 1315 (9th Cir. 2010) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court action to proceed.") (quoting Blalock Eddy Ranch v. MCI Telecommunications Corp., 982 F.2d 371, 375 (9th Cir. 1992)). Moreover, even when the Anti-Injunction Act does not prohibit an injunction, "[t]he decision to issue an injunction that does not violate the Anti-Injunction Act... is committed to the discretion of the district court." Blalock, 982 F.2d at 375.

Plaintiff has not demonstrated the first exception for an injunction authorized by an Act of Congress applies to any claims for which he is

likely to succeed on the merits. See 28 U.S.C. § 2283. As relevant to the first exception, plaintiff alleges defendants violated 42 U.S.C. § 1985 (fourth cause of action) and the ADA (first, second and sixth causes of action).

Some civil rights actions fall within the first exception. For example, claims brought pursuant to 42 U.S.C. § 1983 are exempt from the Anti-Injunction Act's prohibitions because "[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, ... to protect the people from unconstitutional action under color of state law[.]" Mitchum v. Foster, 407 U.S. 225, 242 (1972); see also Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 468 (9th Cir. 1984). However, the first exception comes into play only when a statute "clearly creating a federal right or remedy enforceable in a federal court of equity" could "be given its intended scope only by the stay of a state court proceeding." Mitchum, 407 U.S. at 239.

Here, plaintiff alleges the judge, court-appointed realtor, his former attorney, and his ex-wife violated 42 U.S.C. § 1985(3) through an ongoing scheme to force him to perform physical labor on a house through a court order, despite having knowledge that his disabilities would prevent him from being able to carry out this duty. (ECF No. 1 at 22.) However, plaintiff has not explained how he will prevail on this

claim, and the allegations in the complaint in support of the claimed conspiracy are both insufficient and conclusory.

"A plaintiff alleging a conspiracy under [42 U.S.C.] § 1985(3) must establish: [1] the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; [2] an act in furtherance of the conspiracy; [3] and a resulting injury." Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998) (citation omitted). Regarding the first element, the plaintiff must establish some racial or otherwise class-based invidious discriminatory animus for the conspiracy. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993).

Here, plaintiff does not allege there was a class-based invidious discriminatory animus for the conspiracy. Disabled individuals do not constitute a "class" within the meaning of section 1985(3). See, e.g., D'Amato v. Wis. Gas Co., 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped."); Wilhelm v. Cont'l Title Co., 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' …was not included as a class in what is now § 1985(3)."); see also Story v. Green, 978 F.2d 60, 64 (2nd Cir. 1992) ("We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification.").

Similarly, even if equitable relief under the ADA falls within the first exception to the Anti-Injunction Act, plaintiff has not demonstrated his likelihood of success on any of those claims. Plaintiff names as defendants only individuals, but individuals cannot be sued directly under the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

In short, even if the first exception to the Anti-Injunction Act applies, plaintiff has not demonstrated he is likely to prevail on his claims and thus has not shown he is entitled to the extraordinary remedy of a temporary restraining order. See Mazurek, 520 U.S. at 972.

The remaining two exceptions to the Anti-Injunction Act are inapplicable here. While a federal court may enjoin a state proceeding "to protect or effectuate the court's judgment," 28 U.S.C. § 2283, there is no such judgment to protect in this matter. The third exception applies when an injunction is "necessary in aid of a court's jurisdiction." 28 U.S.C. § 2283. This exception "is generally applied to in rem proceedings where subsequent state court proceedings might interfere with previously filed federal court jurisdiction over a *res*, in cases of advanced federal *in personam litigation*, or where a case is removed from state court." Le v. 1st Nat. Lending Servs., No. 13–CV–01344–LHK, 2013 WL 2555556, at *2 (N.D. Cal. June 7, 2013) (citing Negrete, 523 F.3d at 1101).

Interfering with a state court proceeding is an extraordinary remedy that this court applies only when necessary. Plaintiff has not demonstrated such action is warranted here. Thus, the undersigned will recommend the motion for temporary restraining order be denied without prejudice.

### III.  Request to File Documents Electronically

Plaintiff has requested to file case documents electronically. (ECF No. 4.) Generally, "[a]ny person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2) (emphasis in original). Although plaintiff is disabled and his request to file case documents electronically states he has a support person who helps him read email correspondence, plaintiff does not otherwise set forth "an explanation of reasons for the [requested] exception." The court does not find good cause for deviance from the general rule at this time. At the current stage of this case, the motion will be denied.

### IV.  Conclusion

In accordance with the above, it is HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's request to file documents electronically (ECF No. 4) is DENIED.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 3) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 10, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.serr0434.tro