UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL JOSEPH SERRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>SHAUNA CHASTAINE, et al.,<br><br>  Defendants. | No. 2:22-cv-0434-JAM-CKD PS<br><br><br>ORDER |

Plaintiff Bill Joseph Serris proceeds pro se and in forma pauperis with a complaint asserting claims under the Americans with Disabilities Act ("ADA"), civil rights conspiracy under 42 U.S.C. § 1985, and state-law claims. This matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on March 8, 2022 (ECF No. 1) is before the court for screening.[1]

### I. Screening and Pleading Standards

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is

---

[1] At plaintiff's request (ECF No. 1 at 27), the court uses a 16-point font for this order.

1

"frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other

2

grounds by statute as stated in <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## II. Screening

### A. Allegations in the Complaint

Plaintiff is 79 years old and disabled. (ECF No. 1 at ¶ 33.) He is a party in a divorce case filed in the Solano County Superior Court in 2015. (<u>Id.</u> at 32.) Plaintiff and his ex-wife had a large house with land in Vacaville, California. (<u>Id.</u> at ¶¶ 39-43.) Plaintiff told the attorney representing him in the divorce case that plaintiff's ex-wife was taking or giving away jointly owned items while living at the property, but his attorney "did nothing" in response to this issue. (<u>Id.</u> at ¶¶ 32, 42-45.)

Without objection by plaintiff's attorney, and despite plaintiff's physical limitations, the court required plaintiff to perform physical labor at the property to prepare it for sale. (ECF No. 1 at ¶¶ 32, 48, 50.) While working at the property, plaintiff passed out from stress and suffered a broken collar bone. (<u>Id.</u> at ¶ 51.)

On another occasion while plaintiff was at the property, his ex-wife hit him and then filed a restraining order on him. (ECF No. 1 at ¶ 56.) Plaintiff's attorney "didn't really fight" for him and did not inform him he could appeal the restraining order. (<u>Id.</u> at ¶ 57.) Plaintiff "thinks what happened [with the jointly owned property] was planned out by the Judge, both attorneys, the realtor, and … [his] ex-wife." (<u>Id.</u>)

During many hearings throughout the divorce case, plaintiff could not understand or hear what was going on because he does not hear well. (ECF No. 1 at ¶¶ 43, 59, 64-66.) Plaintiff's attorney failed to ensure plaintiff would be able to actively participate in hearings and make informed decisions relating to the case. (<u>Id.</u> at ¶ 59.)

////

Plaintiff fired the attorney who was representing him; however, the attorney claims she was relieved by the court. (ECF No. 1 at ¶ 60.) Plaintiff has been "left in the dark" about what happened with various assets he and his wife owned. (Id. at ¶ 61.) He believes his attorney took advantage of him. (Id. at ¶¶ 61-62.)

Throughout the case, plaintiff has not received all the accommodations he needs to properly participate in the case. (ECF No. 1 at ¶¶ 64-66.) The court and opposition accuse plaintiff of holding up the case for issues that relate to his disabilities and for which he needs accommodation. (Id. at ¶¶ 82-94.) Plaintiff obtained ADA advocates to assist him but still has not received all the accommodations he needs to properly participate in the case. (Id. at ¶¶ 67-73.)

Plaintiff's ADA requests have been denied or not promptly ruled upon by the court. (ECF No. 1 at ¶¶ 74, 76, 84.) The ADA Coordinator has "ignored" plaintiff's requests. (Id. at ¶¶ 87, 91.) The court also released to the opposition ADA paperwork which plaintiff alleges should have been kept confidential under HIPAA laws. (Id. at ¶¶ 79-80.) For relief, plaintiff seeks damages, declaratory judgment, and injunctive relief. (Id. at 26.)

**C.  Title II of the ADA (First Cause of Action)**

Plaintiff asserts a claim under Title II of the ADA against his former attorney, the judge, the Solano County ADA Coordinator and a court employee identified as the judge's clerk. (ECF No. 1 at ¶¶ 110-127.) However, the named defendants cannot be individually liable under Title II of the ADA because Title II does not provide for a suit against an individual in his or her individual capacity. E.g., Pombrio v. Villaraigosa, No. CV 10-5604-GHK-MAN, 2010 WL 4181340, at *5 (C.D. Cal. Oct. 15, 2010) ("Title II does not provide for suit against a public official

acting in his individual capacity") (citing Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2nd Cir. 2001) and Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999)).

"[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original); see also 42 U.S.C. § 12202 ("[a] State shall not be immune under the eleventh amendment ... for a violation of this Act"). Thus, "the proper defendant under a Title II claim is the public entity or an official acting in his official capacity." Everson v. Leis, 556 F.3d 484, 501 n. 7 (6th Cir. 2009); Burgess v. Carmichael, 37 Fed. Appx. 288, 292 (9th Cir. 2002) ("Plaintiffs may sue only a 'public entity' for [the ADA] violations, not government officials in their individual capacity.").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also 42 U.S.C. § 12132; Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her

////

////

////

disability, that individual may have an ADA claim against the public entity.").[2]

In addition to damages, plaintiff seeks a stay of court proceedings and/or "such equitable relief required[.]" (ECF No. 1 at 25.) Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act is an "absolute prohibition against enjoining state court proceedings" unless the injunction falls within one of those three specifically defined exceptions. Negrete v. Allianz Life Ins. Co. of N. Am., 523 F.3d 1091, 1100 (9th Cir. 2008) (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)).

Courts construe the three exceptions to the Anti-Injunction Act narrowly. See Montana v. BNSF Ry. Co., 623 F.3d 1312, 1315 (9th Cir. 2010) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court action to proceed.") (quoting Blalock Eddy Ranch v. MCI

---

[2] A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Public entity" includes "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1).

6

Telecommunications Corp., 982 F.2d 371, 375 (9th Cir. 1992)). When the Anti-Injunction Act does not prohibit an injunction, "[t]he decision to issue an injunction... is committed to the discretion of the district court." Blalock, 982 F.2d at 375.

To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998) ("compensatory damages are not available under Title II… absent a showing of discriminatory intent"). "Intentional discrimination" in this context involves "deliberate indifference" to a disabled person's need for an accommodation. Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001). To establish deliberate indifference, a plaintiff must show the public entity had knowledge that an ADA violation was likely to occur, and that the public entity failed to act as a result of conduct involving an element of deliberateness. Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002).

Based on the foregoing , the complaint fails to state a claim on which relief can be granted under Title II of the ADA. Plaintiff will have an opportunity to amend.

**D. Title III of the ADA (Second Cause of Action)**

In the second cause of action, plaintiff asserts a claim under Title III of the ADA against the attorney representing his ex-wife. (ECF No. 1 at ¶¶ 30, 158-165.) However, Title III applies to a "private entity" and "an owner, operator, or lessor of public accommodations" within the meaning of Title III of the ADA.[3] See 42 U.S.C. §§ 12181(7), 12182;

---

[3] Private entities that are considered public accommodations for purposes of Title III, if their operations affect commerce, include, for example, hotels, restaurants, auditoriums, stores, service centers, public transportation stations, museums, parks, and places of exercise or

1   PGA Tour. Inc. v. Martin, 532 U.S. 661, 674 (2001); Amir v. St. Louis
2   Univ., 184 F.3d 1017, 1027 (8th Cir. 1999). Because the opposing
3   attorney is not a private entity and an owner, operator, or lessor of public
4   accommodations within the meaning of Title III of the ADA, the second
5   cause of action fails to state a claim upon which relief can be granted.

### E.  1985 Conspiracy (Fourth Cause of Action)

Plaintiff claims a conspiracy against his Due Process and ADA rights under 42 U.S.C. § 1985. "A plaintiff alleging a conspiracy under [42 U.S.C.] § 1985(3) must establish: [1] the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; [2] an act in furtherance of the conspiracy; [3] and a resulting injury." Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998) (citation omitted). Regarding the first element, the plaintiff must establish some racial or otherwise class-based invidious discriminatory animus for the conspiracy. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993).

Plaintiff does not allege there was a class-based invidious discriminatory animus for the conspiracy. Disabled individuals do not constitute a "class" within the meaning of section 1985(3). See Wilhelm v. Cont'l Title Co., 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' …was not included as a class in what is now § 1985(3)."); Story v. Green, 978 F.2d 60, 64 (2nd Cir. 1992) ("We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification."); D'Amato v. Wis. Gas Co., 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped.").

---

recreation. See 42 U.S.C. § 12181(7).

Even if disabled persons constituted a protected class under section 1985(3), a plaintiff cannot assert civil rights claims based on Title II of the ADA because it has its own comprehensive remedial schemes. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("We… hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA[.]"); Burkhart v. Intuit, Inc., No. CV-07-675-TUC-CKJ, 2009 WL 528603, at *9 (D. Ariz. Mar. 2, 2009) ("To permit an aggrieved plaintiff to assert a conspiracy claim against individual employees for alleged ADA violations would effectively permit a plaintiff to circumvent the remedies of the ADA and the congressional intent to limit liability for ADA violations[.]"). Section 1985 claims of a conspiracy to violate ADA rights are not cognizable because § 1985 has its own remedial structure. Sauter v. State of Nevada, No. 97-15795, 1998 WL 196630, at *1 (9th Cir. 1998)[4] (citing Great Am. Fed. Sav. & Loan Assn. v. Novotny, 442 U.S. 366 (1979)).

### F. HIPAA – Declaratory Relief (Third Cause of Action)

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

---

[4] As an unpublished opinion of the Ninth Circuit, the court analyzes Sauter v. State of Nevada for its persuasive analysis.

"HIPAA itself provides no private right of action." Garmon v. County of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016) (quoting Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)). As noted by the Fifth Circuit:

> HIPAA... focuses on regulating persons that have access to individually identifiable medical information and who conduct certain electronic health care transactions. 42 U.S.C. § 1320d-1. HIPAA provides both civil and criminal penalties for improper disclosures of medical information. 42 U.S.C. §§ 1320d-5, d-6. However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. Id. Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement.

Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) (citation omitted).

As HIPAA does not provide a private right of action, and plaintiff cannot, as a matter of law, state a valid claim under HIPAA, the declaratory relief sought would not serve a useful purpose in "clarifying and settling the legal relations in issue" or in terminating the proceedings and affording relief from uncertainty and controversy. Washington, 759 F.2d at 1357. Plaintiff therefore fails to state a claim upon which declaratory relief can be granted.

**G. State Law Claims**

In the fifth, seventh, eighth, ninth, and tenth causes of action, plaintiff brings claims for fraud/deceit, intentional infliction of emotional distress, elder abuse, conversion, and assault and battery. The court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims where the complaint does not state a valid federal claim for relief. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (If "the federal claims are dismissed before trial... the state claims should be dismissed as well.").

### III. Electronic Filing

Plaintiff has requested the undersigned to reconsider the denial of the request to file case documents electronically. (See ECF No. 8 at 4.) "Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2) (emphasis in original). Plaintiff's application for reconsideration by the magistrate judge notes that requests to use electronic filing are to be submitted as stipulations under the local rules, or by written motion if a stipulation cannot be had. Having reconsidered, the undersigned does not find good cause for deviance from the general rule at this time.

### IV. Conclusion and Order

For the reasons set forth, the complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a).

If plaintiff files an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, it is HEREBY ORDERED:

1. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon which relief may be granted.

////

2. Plaintiff's request for the undersigned to reconsider the court's denial of his request to file case documents electronically (ECF No. 8) is denied.

3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: April 13, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Serris22cv0434.scrn