UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL JOSEPH SERRIS,<br><br>Plaintiff,<br><br>v.<br><br>SHAUNA CHASTAINE, et al.,<br><br>Defendants. | No. 2:22-cv-0434-JAM-CKD PS<br><br><br><br>ORDER |

Plaintiff proceeds pro se and in forma pauperis with claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1985, and California law. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint filed on May 16, 2022 (ECF No. 12) is before the court for screening.[1]

For the reasons set forth, the first amended complaint fails to state a federal claim. It is not clear whether plaintiff may be able to state a claim under the ADA against the County of Solano with the allegation of

---

[1] A 16-point font is used for this screening order at plaintiff's request. (ECF No. 1 at 27.)

1

additional facts. However, it appears the defects with the other claims and defendants cannot be cured by amendment. Plaintiff will be granted another opportunity to amend.

## I.     Screening and Pleading Standards

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## II.   Screening

### A.  Allegations in the First Amended Complaint

Plaintiff, who is 79 years of age, has loss of hearing and eyesight, arthritis, and issues with his back, knee, and shoulder. (ECF No. 12 at ¶¶ 2, 6.) Plaintiff is a party in a divorce case filed in the Solano County Superior Court in 2015. (Id. at ¶ 34.)

Plaintiff and his ex-wife had a large ranch house with land in Vacaville, California. (ECF No. 12 at ¶ 36.) For about a six-month period during the divorce, plaintiff lived on the property in a trailer. (Id. at ¶ 39.) His ex-wife cut off power to the trailer, causing food spoilage and damage from melting ice. (Id. at ¶ 39.) She also removed valuable items that were jointly owned from the property. (Id. at ¶¶ 41-43, 47.) Plaintiff informed his attorney that his ex-wife was taking their property, but his attorney did not address the issue and failed to secure payments for the fact that his ex-wife lived at the property while plaintiff paid the bills. (Id. at ¶¶ 41, 48.)

The realtor said work had to be done in order to sell the ranch house. (ECF No. 12 at ¶ 51.) As a result of "a motion made in court," plaintiff had to work almost 18 hours a day to get this work done. (Id.)

Plaintiff's attorney did not raise the issue of his disabilities to the court and did not tell plaintiff he could appeal the order. (Id. at 51, 53.)

While working at the property, plaintiff passed out from stress and broke his collar bone. (ECF No. 12 at ¶ 53.) On another occasion, plaintiff's ex-wife hit him and then filed a restraining order against him. (Id. at ¶ 57.) Plaintiff had a witness, but the judge either did not allow the witness to testify or did not believe the witness; plaintiff is unsure because he could not hear what happened. (Id.)

Plaintiff's attorney did not explain the implications of the restraining order and did not inform plaintiff he could appeal. (ECF No. 12 at ¶¶ 58-59.) Plaintiff states he thinks the unfair result of the restraining order and the order for him to do work at the ranch house "was plotted out by the Judge and the attorneys." (Id.) Plaintiff has learned the property "was never put on the MLS, for sale" and does not believe it retrieved the highest, best price. (Id. at 56.)

Plaintiff eventually fired his attorney, though she claims she was relieved by the court. (ECF No. 12 at ¶ 61.) Despite not addressing many of plaintiff's questions and issues, the attorney "ran up her hours." (Id. at ¶¶ 44-46.) Plaintiff feels the divorce case should not have taken so long and believes he was poorly represented and ripped off. (Id. at ¶¶ 46, 49, 91.)

During several court hearings, plaintiff could not hear what was going on. (ECF No. 12 at ¶¶ 43-45, 60.) Plaintiff told his attorney about his inability to hear, but the attorney did not seek adequate ADA accommodations or inform him they were available. (Id. at ¶¶ 65-67.)

Throughout the case, plaintiff has not received all accommodations he needs to properly participate in the case. (ECF No. 12 at ¶¶ 64-66.) The judge granted "use of the microphone and a hearing device" on one

occasion, but those accommodations "didn't work for a variety of reasons" and plaintiff "didn't know he had a right to have other more appropriate accommodations." (Id. at ¶ 67.)

Plaintiff obtained ADA advocates to assist him but still has not received all the accommodations he needs to properly participate in the case. (ECF No. 12 at ¶¶ 68-79, 82-95.) The judge has accused him of holding up the case and suggested he be forced to have a guardian. (Id. at ¶¶ 80-81.) Meanwhile, plaintiff's unspecified ADA requests have been denied, ignored, or not promptly addressed by the court. (Id. at ¶¶ 82, 84, 85.)

Plaintiff seeks monetary damages and injunctive relief. He names as defendants the Superior Court of California for the County of Solano, a Superior Court Judge, the person alleged to be the ADA Coordinator, his former attorney and her law office, and the opposing attorney's law firm. (ECF No. 12 at ¶¶ 23-31.)

### B. Defendants' Immunities

#### 1. Eleventh Amendment

The Eleventh Amendment bars suits for damages or injunctive relief "against a state, an arm of the state, its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotation marks omitted). The California state courts are arms of the state for the purposes of Eleventh Amendment sovereign immunity. Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). In addition, the Eleventh Amendment bars claims for monetary damages against state officials acting in their official capacities. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-03 (1984).

////

## 2. Judicial Immunity

Judicial immunity is an absolute immunity from suit overcome only (1) where a judge takes actions outside of judicial capacity, or (2) where judicial actions were taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Quasi-judicial immunity may also apply to court clerks or other court employees for tasks that are "an integral part of the judicial process." See Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988).

Here, plaintiff alleges all decisions on his ADA requests were made outside of any judicial capacity. Because no cognizable claims are pleaded, judicial immunity will not be considered at this time.

## C. Title II of the ADA (First Cause of Action)

Plaintiff asserts a claim under Title II of the ADA against the Solano County Superior Court, the judge, a court employee alleged to be the ADA Coordinator, and his former attorney. (ECF No. 12 at ¶ 113.) As set forth the initial screening order in this case (ECF No. 11 at 4-5), only a "public entity" can be sued under Title II for ADA violations. E.g., Burgess v. Carmichael, 37 Fed. Appx. 288, 292 (9th Cir. 2002).[2] Here, only the County of Solano would be a proper public entity defendant for such a claim. See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001).

Under Title II of the ADA, the County of Solano is liable for the vicarious acts of its employees. (See Duvall, 260 F.3d at 1141.) Although

---

[2] Title II validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment. United States v. Georgia, 546 U.S. 151, 159 (2006); 42 U.S.C. § 12202 ("A State shall not be immune... for a violation of this chapter.").

the County of Solano would be a proper defendant for plaintiff's ADA claim, the facts pleaded fail to state a claim.

A person alleging a Title II violation must show (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against him; and (3) the exclusion, denial, or discrimination was by reason of his disability. Duvall, 260 F.3d at 1135. To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). "Intentional discrimination" in this context involves "deliberate indifference" to a disabled person's need for an accommodation. Duvall, 260 F.3d at 1138-39. To establish deliberate indifference, a plaintiff must show the public entity had knowledge a violation of the ADA was likely to occur and failed to act as a result of conduct involving an element of deliberateness. Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002).

Here, plaintiff has adequately alleged he is a qualified individual with one or more disabilities for purposes of the ADA. See 42 U.S.C. § 12131(2). His ADA claim asserts he has been unable to properly participate in the legal process for his divorce case because he has not been provided appropriate accommodations. (ECF No. 12 at ¶ 115.)

When a public entity receives a request for accommodations, it must determine the appropriate accommodations under the circumstances. Duvall, 260 F.3d at 1136. "To prevail under the ADA, [the plaintiff] must show that the accommodations offered… were not reasonable, and that he was unable to participate equally in the

7

proceedings at issue." Id. at 1137; see Memmer v. Marin Cnty. Cts., 169 F.3d 630, 633 (9th Cir. 1999).

Plaintiff's 27-page complaint contains many details and descriptions of challenges he has faced while litigating his divorce case, both while he was represented by his former attorney and while he was representing himself. However, the facts alleged do not plausibly suggest a failure to offer reasonable accommodations or other discrimination by the County of Solano, the judge, or court staff on account of plaintiff's disability.

The main problem with plaintiff's ADA claim premised on a failure to accommodate is that it does not identify with specificity what reasonable accommodations were denied. See Green v. Tri-County Metropolitan Transp. District of Oregon, 909 F.Supp.2d 1211, 1219 (D. Or. 2012) ("The Ninth Circuit has made clear that under the ADA a plaintiff is required to identify specific, reasonable accommodations that a defendant failed to provide."), aff'd, 583 F. App'x 832 (9th Cir. 2014) (citing Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) and Memmer, 169 F.3d at 633); Karkanen v. California, No. 17-CV-06967-YGR, 2018 WL 3820916, at *5 (N.D. Cal. Aug. 10, 2018) (no ADA claim stated where "[p]laintiff does not explain what accommodations she requested, the dates and details of when and how she made the requests, or what accommodations were denied").

In addition, many of plaintiff's complaints regarding ADA accommodations involve alleged failures by his former attorney. For example, plaintiff's attorney failed to properly advise him about the ADA, did not file for accommodations, failed to get "better devices" than the microphone and hearing device provided which did not work, failed to raise plaintiff's issues relating to his disabled status, and made

decisions on his behalf without his knowledge. (See ECF No. 12 at ¶¶ 4-5, 8, 10-11, 15, 37, 41-45, 48-49, 51, 53, 58-60, 65-67.) As set forth, the attorney is not a proper defendant for a Title II ADA claim, and those alleged failures do not support a claim against the County of Solano.

Moreover, conclusory allegations that plaintiff has not received adequate accommodations do not suffice to state a claim. See Twombly, 550 U.S. at 555-57 (2007); Iqbal, 556 U.S. at 678. This includes the allegations that unspecified and undescribed ADA requests were denied, ignored, or not promptly addressed. (ECF No. 12 at ¶¶ 82, 84, 85.) See Razavi v. Traffic Ct. of Santa Clara Cnty., No. 18-CV-06213-VKD, 2019 WL 1676018, at *5 (N.D. Cal. Apr. 17, 2019) (conclusory allegations the traffic court denied requested accommodations were insufficient to state a claim), report and recommendation adopted, No. 5:18-CV-06213-EJD, 2019 WL 12872966 (N.D. Cal. June 12, 2019).

Here, the only accommodations identified in the first amended complaint as having been denied are medical-based continuances. (See ECF No. 12 at ¶ 72.) Among other requests, plaintiff's written motion for accommodations filed by his ADA advocate[3] asked the court to continue a pre-trial hearing due to pain and mobility issues from a recent surgery. (ECF No. 1 at 37.) The court denied the continuance on the ground that notice had not been given to the opposing party. (Id. at 47.) As an alternative accommodation, the court arranged for plaintiff to appear telephonically. (Id.) Plaintiff does not assert this alternative

---

[3] Plaintiff's request for accommodations and the court's order are attached as exhibits to the original complaint. (See ECF No 1 at 35-42 & 47-48.) The first amended complaint incorporates these exhibits by reference; therefore, the court considers the exhibits. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

accommodation was unreasonable under the circumstances. Nor does the first amended complaint allege any facts suggesting it constituted discrimination on account of his disability. See 28 C.F.R. § 35.130(b)(7) (accommodations must generally be provided when "necessary to avoid discrimination on the basis of disability").

Plaintiff also requested "a long continuance" of the trial due to a knee surgery. (ECF No. 12 at ¶ 73.) Plaintiff alleges "[a] continuance was given… but not for the time needed." (Id.) To the extent plaintiff alleges the denial of his full request for a trial continuance constituted discrimination on account of his disability, this vague and conclusory allegation does not suffice to state a claim. Although it is possible the denial of a continuance needed for a medical reason could support a valid ADA claim where granting the continuance was "necessary to avoid discrimination on the basis of disability" 28 C.F.R. § 35.130(b)(7), the mere allegation that plaintiff requested "a long continuance" which was only partially granted does not state a plausible claim.[4]

In sum, the first amended complaint does not contain a plausible description of a deliberate failure to accommodate or other discrimination by the County of Solano or its employees on the basis of

---

[4] While plaintiff's alleged severe hearing impairment would appear to qualify as a disability within the meaning of the ADA, it is not equally clear whether his knee surgery was related to a such a disability. "Disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C.A. § 12102. "[C]ourts have held that a temporary injury with minimal residual effects cannot be the basis for a sustainable claim under the ADA." Sanders v. Arneson Prod., Inc., 91 F.3d 1351, 1354 (9th Cir. 1996) (cancer related psychological disorder of temporary duration did not qualify as a disability under the ADA, where it lasted for four months and had no long-term residual effects beyond that date).

plaintiff's disability. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Notably, aside from the two continuances discussed, it appears plaintiff's other requested accommodations were granted. (See ECF No. 1 at 47-48.) Thus, the facts alleged fail to state a claim for monetary damages under Title II of the ADA, which requires a plaintiff to establish intentional discrimination for compensatory relief. See Ferguson, 157 F.3d at 674.

Similarly, the facts alleged fail to state a claim for prospective injunctive relief because plaintiff does not specify what injunctive relief he seeks aside from "proper" ADA accommodations being granted. (ECF No. 12 at ¶ 109.) In general, this court does not have the authority to provide federal oversight over state courts' administration of judicial proceedings. See Courthouse News Serv. v. Planet, 750 F.3d 776, 790 (9th Cir. 2014) (abstention "is appropriate where the relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment" (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). By failing to specify a reasonable accommodation needed, the first amended complaint fails to state a claim. See Green, 909 F.Supp.2d at 1219.

Plaintiff will be granted another opportunity to amend. In any further amended complaint, plaintiff may wish to set forth with as much specificity as possible what accommodations were requested, the dates and details of when and how those requests were made, and what reasonable accommodations were denied that form the basis of his ADA claim.

////

### D.  42 U.S.C. 12203 (Second Cause of Action)

Under the anti-interference provision of the ADA, "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed… any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

Plaintiff alleges the superior court has used "inconsistent standards" when handling his accommodation requests which "amounts to a form of coercion" on him. (ECF No. 12 at 134.) It appears plaintiff takes issue with the fact that sometimes the judge rules on ADA requests, and sometimes a court employee makes the decision; plaintiff alleges both have violated their "duty of care" to properly make these decisions. (Id. at ¶ 132.)

Assuming that plaintiff's requests for accommodations qualify as protected activity, there are no factual allegations that the court or its employees coerced, threatened, intimidated, or interfered on account of plaintiff's protected activity. To the extent plaintiff claims a violation of the ADA's anti-interference provision based on the same facts alleged for his disability discrimination cause of action, the anti-interference claim fails by virtue of his inability to state a disability discrimination claim. To the extent plaintiff is claiming a separate and distinct violation of the ADA's anti-interference provision, plaintiff fails to plead facts plausibly showing he was subject to coercion, intimidation, a threat, or interference within the meaning of the statute. See Brown v. City of Tucson, 336 F.3d 1181, 1192 (9th Cir. 2003) (the ADA's anti-interference provision only prohibits conduct that is motivated by plaintiffs' engagement in rights granted by the ADA). "[C]onclusory

allegations" of coercion, intimidation, threats, or interference are insufficient to support an ADA interference claim. Id. at 1193.

### E. 1985 Conspiracy (Third Cause of Action)

Plaintiff claims a conspiracy against his due process and ADA rights under 42 U.S.C. § 1985 by the judge, realtor, opposing attorney, and his ex-wife. As set forth in greater detail in the initial screening order (ECF No. 11 at 8-9), plaintiff cannot assert civil rights claims premised on alleged violations of Title II of the ADA because the ADA has its own comprehensive remedial schemes for such violations. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Sauter v. State of Nevada, No. 97-15795, 1998 WL 196630, at *1 (9th Cir. 1998) (section 1985 claims of a conspiracy to violate ADA rights are not cognizable because Title II has its own remedial structure)[5] (citing Great Am. Fed. Sav. & Loan Assn. v. Novotny, 442 U.S. 366 (1979)).

Moreover, the first amended complaint alleges plaintiff constitutes a "class of one." (ECF No. 12 at 22.) However, a conspiracy under 42 U.S.C. § 1985(3) must involve a racial or otherwise class-based invidious discriminatory animus. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). Plaintiff fails to allege a racial or otherwise class-based invidious discriminatory animus, as disabled individuals do not constitute a "class" within the meaning of section 1985(3). See, e.g., Story v. Green, 978 F.2d 60, 64 (2nd Cir. 1992) ("We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification."). Thus, a conspiracy claim under 42 U.S.C. § 1985 is not cognizable.

---

[5] As an unpublished opinion of the Ninth Circuit, Sauter v. State of Nevada is referenced for its persuasive analysis.

### F. Title III of the ADA (Fourth Cause of Action)

In the fourth cause of action, plaintiff asserts a claim under Title III of the ADA against his attorney, the attorney representing his ex-wife, and their respective law offices. (ECF No. 12 at ¶¶ 148-152.) As set forth in the court's initial screening order (ECF No. 11 at 7-8), Title III applies only to a "private entity" that is "an owner, operator, or lessor of public accommodations" within the meaning of Title III of the ADA. See 42 U.S.C. § 12182; PGA Tour. Inc. v. Martin, 532 U.S. 661, 676-77 (2001). Private entities are considered public accommodations for purposes of Title III if their operations affect commerce; these include, for example, hotels, restaurants, auditoriums, stores, service centers, public transportation stations, museums, parks, and places of exercise or recreation. See 42 U.S.C. § 12181(7).

Although plaintiff has amended this cause of action to name the defendants' law offices in addition to the two individuals, the claim still fails because plaintiff was not denied a public accommodation under the circumstances alleged. See Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000) (insurance company administering an employer's disability plan is not a "place of public accommodation"). The "public accommodations" listed under 42 U.S.C. § 12181(7) are all "actual, physical places." Weyer, 198 F.3d at 1114. Plaintiff does not allege he was denied the public accommodation of the actual, physical place of either law office on the basis of his disability. Thus, the first amended complaint fails to state a claim under Title III of the ADA.

### G. State Law Claims

In the fifth, seventh, eighth, ninth, and tenth causes of action, plaintiff brings state-law claims for fraud/deceit, intentional infliction of emotional distress, elder abuse, conversion, and assault and battery. The

court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims at this time because he has not stated a valid federal claim for relief. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (If "the federal claims are dismissed before trial... the state claims should be dismissed as well.").

### III. Preliminary Injunctive Relief

The first amended complaint includes a subsequent[6] request for a temporary restraining order and a request for a preliminary injunction. (ECF No. 12 at ¶¶ 96-111.) These requests will not be considered because they do not comply with the applicable rules.

A temporary restraining order may issue without notice only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (B) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." See Fed. R. Civ. P. 65(b); E.D. Cal. L.R. 231(a) ("Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice.").

In addition, the court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). In light of the instant screening order, there is currently no active complaint and no defendant to be served in this case.

---

[6] Plaintiff's initial motion for a temporary restraining order was filed on March 8, 2022. (ECF No. 3.) After findings and recommendations issued on March 10, 2022 (ECF No. 7), the court denied the motion by order dated March 16, 2022. (ECF No. 10.)

### III. Conclusion and Order

The first amended complaint fails to state a claim. It clearly appears no ADA claim can be stated against the individual defendants and no civil rights conspiracy claim lies based on the underlying facts. However, plaintiff will be granted another opportunity to amend because it is not whether a cognizable ADA claim could be stated against the County of Solano. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a).

If plaintiff files an amended complaint, it should be titled "Second Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, it is HEREBY ORDERED:

1. To the extent the first amended complaint requested a temporary restraining order and a preliminary injunction, those requests are vacated without prejudice to renewal in conformance with the applicable rules.
2. Plaintiff's first amended complaint (ECF No. 12) is dismissed for failure to state a claim upon which relief may be granted.
3. Plaintiff is granted 30 days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second

Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  June 13, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Serris22cv0434.scrn.fac